

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2004

# In Re: Woskob

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: Woskob " (2004). *2004 Decisions.* Paper 910.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/910

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2179
_____

IN RE: LEAH BETH WOSKOB,

Debtor


V.W. BUILDING & DESIGN INC; THE ESTATE OF VICTOR WOSKOB,

Appellants


v.


LEAH BETH WOSKOB

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-cv-00380)
District Judge:  The Honorable James F. McClure, Jr.


_____


Submitted Under Third Circuit LAR 34.1(a)
March 11, 2004


BEFORE: SLOVITER and NYGAARD, Circuit Judges.

and SHADUR,[*] <u>District</u> <u>Judge</u>.

(Filed: March 26, 2004)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

V.W. Building & Design, Inc. and the Estate of Victor Woskob (collectively "V.W.") appeal the District Court's decision affirming the Bankruptcy Court's denial of their motion for an extension of time to file a notice of appeal and dismissing their appeal of the Bankruptcy Court's Order and Opinion in favor of Leah Beth Woskob ("Woskob"). We have jurisdiction under 28 U.S.C. § 158(d) and will affirm.

I.

The facts of this matter are well known to the parties and we will recount them only briefly. On June 16, 1999, Woskob filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Within that bankruptcy proceeding, V.W. commenced an adversary proceeding against Woskob seeking a declaration that Woskob had no ownership rights in V.W. Building & Design. After a hearing, the Bankruptcy

_____

[*]     Honorable Milton I. Shadur, Senior District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

Court issued a Memorandum Opinion and Order in favor of Woskob. That order was filed and dated December 27, 2001.

According to V.W., the December 27 order did not arrive at its attorney's office until January 2, 2002. V.W.'s attorney claims he did not actually see the order until January 7, the day he returned from an overseas vacation. The period within which V.W. could appeal the order to the District Court ended on January 7. On January 15, V.W.'s counsel filed a notice of appeal of the Bankruptcy Court's order, together with a motion for an extension of time to file such an appeal. The Bankruptcy Court denied V.W.'s motion for an extension of time and the District Court affirmed that denial and dismissed V.W.'s appeal for lack of jurisdiction.

## II.

We review the District Court's decision not to extend the deadline for filling a notice of appeal under an abuse of discretion standard. *In re Cendant Corp. Prides Litigation*, 233 F.3d 188, 192 (3d Cir. 2000).

## III.

Federal Rule of Bankruptcy Procedure 8002(c)(2) ("Rule 8002(c)(2)") provides that a request for an extension of time to file a notice of appeal

> must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

3

Thus, the key issue in determining whether V.W. was entitled to an extension of time is whether it made a showing of "excusable neglect." In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, the Supreme Court identified four factors that courts should consider to determine if a party has shown excusable neglect.[1] 507 U.S. 380, 395 (1993). The District Court found that V.W. satisfied three of the *Pioneer* factors, but that the fourth factor, the reason for the delay in filing the notice of appeal, did not weigh in favor of granting V.W. an extension of time. It is this conclusion that is central to this appeal.

V.W. claims it did not file a timely notice of appeal because its attorney, who saw the December 27 order for the first time on January 7, was confused as to the date the notice of appeal had to be filed. V.W. further claims that this confusion was excusable because its attorney had just returned from an overseas vacation and was scheduled to present an oral argument before this Court in a separate matter on January 7. Finally, according to V.W., the required presence of its attorney in Philadelphia to argue

---

1.     We note that in *Pioneer*, the Supreme Court was interpreting the "excusable neglect" standard under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure ("Rule 9006(b)(1)"). *Pioneer*, 507 U.S. at 388. Woskob argues that *Pioneer*'s interpretation of excusable neglect under Rule 9006(b)(1) is not applicable under Rule 8002(c)(2). Instead, Woskob suggests that a more stringent standard must be used under Rule 8002(c)(2) because it is jurisdictional. We need not reach this issue because even under the more lenient *Pioneer* standard, the District Court did not abuse its discretion in finding that V.W. did not make a sufficient showing of excusable neglect.

before this Court on January 7 made it impracticable for him to file a notice of appeal in Harrisburg on that same day.

The District Court did not abuse its discretion by concluding that V.W.'s attorney's miscalculation of the appropriate notice of appeal deadline was not excusable neglect. V.W.'s attorney received the December 27 order in time to file a timely notice of appeal and failed to do so only because he mistakenly believed such a notice was not due until January 16. Finding that this reason is insufficient to constitute excusable neglect was not an abuse of the District Court's discretion, and V.W. has not presented any evidence that convinces us otherwise. We will therefore affirm the District Court's order affirming the Bankruptcy Court's denial of V.W.'s motion for an extension of time, and dismissing V.W.'s appeal of the Bankruptcy Court's December 27 order.[2]

---

2.      V.W. also argues that we should reach the merits of the Bankruptcy Court's order because that order results in a "manifest miscarriage of justice." Appellant's Br. at 18. Absent an extension of time, however, V.W. failed to properly appeal the Bankruptcy Court's order and we are without jurisdiction to reach the merits of that order. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997). But in light of V.W.'s argument, we are constrained to note the high hurdle that would have to be surmounted to label the Bankruptcy Court's weighing of the conflicting evidence before it as "clear error." *In re Engel*, 124 F.3d 567, 571 (3d Cir. 1997).